## STATE vs. JOSEPH GERMAIN.

APRIL 1, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(1)  *Trial.   Views.   Exceptions.*

On criminal complaint, on exception to taking of a view of interior of a
building:—

*Held,* that the ordering of a view and the attendance of the court thereat
are discretionary with the court, and the proceedings at the view must be
regulated by the court; and while the action of the court in ordering a
forcible entry, when defendant stated he could not give permission, may
have been ill advised, yet as defendant disclaimed any control over build-
ing, he cannot claim that the wrong done to a third person was a violation
of his rights in the trial of the case.

(2)  *Criminal Law.   Evidence.*

On criminal complaint for maintaining a liquor nuisance testimony of officers
who entered building under a search warrant, as to their entering an open
barroom and as to what occurred there was properly admitted.

(3)  *Criminal Law.   Search Warrants.*

Complaint and search warrant were on one sheet of paper.  Complaint
described the building, its occupancy and location.  By the warrant the
search was directed to be made of the "shop, store . . . in said
complaint described".

*Held,* the description in the warrant by reference to the complaint was suffi-
cient and the omission of defendant's name in the warrant, did not make
it invalid.

(4)  *Search warrants.   Evidence.*

Although the officer at once made his return on the search warrant to the
court the owner or keeper of the premises was not summoned, and at the
trial of defendant for maintaining a liquor nuisance, seven months after
the seizure, no forfeiture proceedings had been taken.

On objection to the evidence of the seized liquors:—

*Held,* that failure to follow the statutory procedure in regard to notice and
forfeiture did not make illegal a search warrant or seizure made in accord-
ance with law under authority of a valid search warrant.

(5)  *Evidence.   Criminal Law.   Indictments.   Grand Jury.   Judicial Notice.*

The date of presentment of an indictment, although not specifically stated
in an indictment, is a matter of record, of which the trial court could take
judicial notice, and when an indictment charged that defendant maintained
a common nuisance from a date stated, "and thence continuously until
the day of the finding of the indictment", evidence up to the date of its
presentment was properly admitted, that being the end of the period
alleged in the *continuando.*

*(6)　Evidence.　Ownership of Premises.*

On an indictment for maintaing a liquor nuisance, while evidence of illegal
use of premises is restricted to the period of time covered by the *continuando*
of the indictment, evidence of ownership or occupancy, when either ques-
tion is in issue is not so restricted, but proof of either within a reasonable
length of time, either before or after, is admissible as evidence of ownership
or occupation during the particular period stated.

INDICTMENT.　Heard on exceptions of defendant and
overruled.

STEARNS, J.　Defendant was found guilty of maintaining
a liquor nuisance.　The case is in this court on his bill of
exceptions.　After the jury was impanelled, on motion of
the State and against the objection of defendant, the trial
justice ordered a view.　A request by the justice who went
with the jury that defendant permit a view was refused;
defendant stated that he had no control over the building
and could not give permission.　The justice then ordered
the officers in charge of the jury to open the outside door
which was locked.　This door was pulled open and the jury
entered and viewed the interior.　On the return to the court
room, defendant, for the first tine, made objection to the use
of force in the presence of the jury in effecting the entrance
claiming that it was improper and prejudicial to him.　The
trial justice refused to allow an exception on this ground,
and stated that defendant, if he desired to press this par-
ticular objection, might do so by filing affidavits.　No
affidavits were filed and the exception as allowed is simply
(1) to the taking of a view of the interior of the building.　This
exception is without merit.　The ordering of a view, and
the attendance of the court thereat, are discretionary with
the court; the proceedings at the view must be regulated
by the court.　(G. L. 1923, C. 342, s. 1.)　The object of a
view is not to get evidence in the case, but to enable the
jury more clearly to understand the evidence presented at
the trial.　This established rule of our practice was recognized
and approved in *State* v. *Congdon,* 14 R. I. 458.　The fact
that the jury has taken a view does not limit the power of

the trial justice, or of this court, to consider the weight of the evidence. *Davis* v. *Joslin Mfg. Co.*, 29 R. I. 101. The action of the court in ordering a forcible entry may have been ill advised; but as defendant disclaimed any connection with or control over the building, he can not now claim that the wrong done as he then claimed to a third person was a violation of his rights in the trial of this case.

The facts are undisputed. Defendant introduced no evidence except one exhibit,—a search warrant,—which was received by the court at the conclusion of the State's case despite the objection of the State. This search warrant was issued May 5, 1923, on the complaint of William J. Allaire, town sergeant; it was in the usual form and directed Allaire to search the shop of defendant. Allaire with other officers went to the building, a shed or garage, behind defendant's house, and walked into a room which contained the usual furniture of a bar room, including a bar, mirror, beer pump and bottles of various liquors. The bar tender, an employee of defendant, had just sold a glass of lager beer to a constable who had entered in advance of his companions. Allaire then announced that he had a search warrant, proceeded to inspect the premises and took away some bottles of liquor. This liquor on analysis was found to be intoxicating and was used as evidence at the trial. Defendant objected to this evidence and also to any testimony as to what occurred at this time. The testimony of the officers was properly admitted. They walked into an open bar room and can testify to what occurred. The objection to the evidence of the seized liquors, is that the search warrant was defective and illegal; one objection is that the name of the owner or keeper of the shop or store to be searched is not stated in the warrant. The complaint and warrant are in the usual printed form on one sheet of paper. The complaint described the building, its occupancy and location properly: by the warrant the search was directed to be made of the "shop, store . . . in said complaint described". The description in the warrant by reference to

the complaint was sufficient and the omission of defendant's name in the warrant, did not make it invalid. *State* v. *Goyette*, 11 R. I. 592. Although the officer at once made his return on the writ to the district court, it appears from the testimony that the owner or keeper of the premises had not been summoned and at the time of the trial, some seven months after the seizure, no forfeiture proceedings had been taken. In *The Liquors of Hoxsie*, 15 R. I. 241, it was held that the statutory provision (now G. L. 1923, C. 127, s. 11), that the officer making the seizure or an officer designated by the court for that purpose, shall proceed forthwith to prosecute for the forfeiture, was directory merely; and that any delay on the part of the officers did not prevent a forfeiture of the liquors, which was dependent upon a breach of the law and not upon the diligence of the officer. Section 10 provides that "if the owner or keeper be not named in the warrant or be not found, the court shall order a notice of such seizure to be given by posting up written notices in at least three public places": and by section 15 it is provided that where there has been any irregularity in or omission of the service, the court may permit an amendment of the notice or service and may also direct such further service as it may deem effectual in securing personal notice to the owner of the property seized. The purpose of the act is to secure prompt and regular procedure in forfeiture proceedings and it is the duty of the officer and the court to follow the prescribed procedure. But the failure or neglect to follow the subsequent statutory procedure in regard to notice and forfeiture does not make illegal a search warrant or a seizure made in accordance with law under authority of a valid search warrant. There was no error in the admission of this evidence.

In the indictment it is alleged that the grand jury was impanelled June 4, 1923, and defendant did maintain a common nuisance from December 1, 1922, and thence continuously until the day of the finding of the indictment which, as it appears in testimony, was June 22, 1923. De-

fendant objected to the admission of evidence of the reputation and conduct of the premises on June 6, 1923, and claimed that any such evidence subsequent to the day the jury was impanelled was improper. The trial justice in the charge instructed the jury to disregard any evidence of reputation or conduct of the premises after June 4th. This instruction was erroneous but defendant secured the benefit thereof. The Superior Court is in session continuously from the third Monday in September to the second Monday of July in the following year (G. L. 1923, C. 325, s. 2); the grand jury is in attendance thereon the third Monday of September and the first Monday of December, March and June (C. 329, s. 39) and at any other time when summoned by the Superior Court (s. 39). The date of the presentment of the indictment, although not specifically stated in the indictment was a matter of court record of which the trial court, if it chose, could properly take judicial notice. On this indictment evidence up to the date of its presentment was properly admitted, that being the end of the period alleged in the *continuando* (*State* v. *Nagle*, 14 R. I. 331).

Defendant relies on *State* v. *Bowes*, 20 R. I. 310, and *State* v. *Hill*, 13 R. I. 314. In each of these cases the indictment was for keeping a common nuisance during a period between a given date and the day of the finding of the indictment, the day not being specified. It was held that such allegation of time was sufficiently certain, the presumption being that, no other date being specified, the indictment was found on the day that the grand jury was impanelled and sworn. In the *Hill* case the court cited with approval and in support of its conclusion, *Commonwealth* v. *Wood*, 4 Gray, 11; in the *Wood* case, after stating the rule as above, it was held that it was always competent to resort to the record for the purpose of fixing the exact date on which the indictment was found, whenever it became necessary to prove that it was found after the first day of the term.

Objection is made to the admission of evidence of ownership and occupancy of the premises, prior and subsequent to the period of time set out in the indictment. There was no error in this respect. Defendant's contention throughout the trial was a denial of ownership or occupation.

(6)

Evidence of the illegal use of the premises is restricted to the period of time covered by the *continuando*. But evidence of ownership or occupancy, when either question is in issue, is not so restricted, but proof of either within a reasonable length of time either before or after, is admissible as evidence of ownership or occupation during the particular period stated, with the right of course in the defendant to rebut the natural presumption arising from such proof. *State* v. *Knott*, 5 R. I. 293. The evidence of defendant's guilt is convincing.

The defendant's exceptions are overruled and the case is remitted to the Superior Court for further proceedings.

*Harold E. Staples, Assistant Attorney General, Charles P. Sisson, Attorney General,* for State.

*Fitzgerald & Higgins, Walter V. Moriarty,* for defendant.